IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CURTIS MARVIN MCKINNEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0285 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner CURTIS MARVIN MCKINNEY. By his habeas application, petitioner challenges an August 27, 2002 prison disciplinary adjudication of guilt. Petitioner was punished with the forfeiture of 30 days previously accrued good time credits.[1]

Following the finding of guilt in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on November 25, 2002.[2] Petitioner then filed a Step 2 grievance which he appears to claim was dismissed as untimely. Upon examination however, it appears petitioner timely submitted his Step 2 grievance on November 7, 2002 but that on December 2,

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

[2] It appears from the records provided by petitioner he originally submitted his Step 1 grievance on August 30, 2002 but that it was returned the same date due to inappropriate/excessive attachments. He resubmitted it on September 7, 2002.

2002, it was again returned due to inappropriate/excessive attachments. It is unclear whether a decision was ever reached on this Step 2 grievance.[3] For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

## I.
## STATE COURT CONVICTION

Although petitioner failed to provide the Court with information related to his underlying conviction as required by the habeas form petition at Questions 1 though 4, contact with the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), revealed petitioner is in the lawful custody of the TDCJ-CID as a result of a judgment and sentence out of Dallas County, Texas for the offense of delivery of cocaine and the resultant sentence of a twenty (20) year term of imprisonment. Petitioner has averred he is eligible for mandatory supervised release.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20020331407 in the following respects:

---

[3] It appears from this recitation of the facts and documents provided by petitioner that he has not exhausted the claims now presented herein. However, because petitioner's claims are without merit, the Court will not address the exhaustion issue.

    1.       He was denied effective assistance of substitute counsel;

    2.       He was denied his right of appeal;

    3.       The prison violated its own rules and procedures handbook and thus he was denied his due process rights under *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); and

    4.       The evidence was insufficient to support a finding of guilty.

## III.
## MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

In this case, petitioner has partially produced for the Court the disciplinary records relative to his case. Petitioner has not alleged that he did not receive at least three (3) days written notice of the disciplinary charge filed against him. Petitioner further states in his application that he was represented by counsel substitute, although he alleges counsel substitute was ineffective. Finally, it appears the hearing officer supported his finding of guilt by setting forth the reasons for the assessment of the punishment, including the forfeiture of good time. Such is reflected by the language in the administrative appeal at Step 1, "No procedural errors were noted. You were present at the hearing and presented your defense. There appears to be sufficient evidence to support a finding of guilty." It appears from the facts presented by petitioner he received the procedural due process guaranteed by *Wolff*.

### A.
### Counsel Substitute

Petitioner alleges his appointed counsel substitute was ineffective although it is not entirely clear how counsel substitute was ineffective. Petitioner has stated, "I am a (sic) offender with a learning disability. My EA is 4.1. Disciplinary rules and procedures for offenders in T.D.C.J. ID were violated according to page # 15 Section B, 6 due to the accuser was not present or contacted to question her conflicting report. Her too (sic) witnesses that were there at the alleges incident stated that they did not see anything." (Petitioner's Application at 7). Petitioner appears to allege that because of counsel substitute's failures, presumably failing to object to the absence of the charging officer and failing to call two witnesses who would say they were present but saw nothing, he was denied his constitutional right to a fair hearing and to due process. Petitioner's ineffective assistance claim is without merit. The United States Supreme Court has held "inmates do not 'have a right to either retained or appointed counsel in

disciplinary hearings.'" *Baxter v. Palmigiano,* 425 U.S. 308, 315, 96 S.Ct. 1551, 1556 (1976) (citing *Wolff,* 418 U.S. at 570, 94 S.Ct. at 2981). Under *Baxter*, petitioner may not complain about the inadequacy of his counsel substitute at the disciplinary hearing since he was not entitled to representation. This claim must fail.

B.
Denial of Appeal

In this claim, petitioner alleges he was denied his Step 2 appeal due to the disciplinary officials' failure to properly mail the response to his Step 1 grievance thereby making his Step 2 filing untimely.[4] Such complaints are not within the scope of federal review and are not cognizable herein. Federal habeas corpus review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or, as applicable in this case, administrative procedure. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure of prison officials to follow their own rules does not establish a constitutional violation). This claim should be denied.

C.
Exclusion of Witnesses

Petitioner alleges he was denied the right to call a witness named Roberson, an inmate. Petitioner is not entitled to relief on the basis of a denial of this witnesses. The right to call

---

[4] As stated supra, it is not entirely clear whether this claim was denied as untimely or returned to petitioner due to inappropriate/excessive attachments.

witnesses at a prison disciplinary hearing is not absolute. Prison officials may deny a request when the projected testimony is irrelevant, is unnecessary, or creates a hazard to institutional safety or correctional goals. In *Ponte v. Real*, 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985), the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful." This case does not present one of those rare instances where the denial of witnesses, if such was erroneous, justifies relief to petitioner.

Petitioner has not elaborated on his claim and has not proffered what the witness was expected to testify about. He merely states such witness did not pose a threat and that the witness was right across the hall at the time of the hearing. Even assuming, for purposes of argument, that petitioner properly requested this witness, he has failed to shown that the witness was wrongfully excluded, and, even if wrongfully excluded, he has not shown he was prejudiced by such exclusion. This claim should be denied.

D.
Insufficient Evidence

Finally, petitioner claims that the evidence was insufficient to convict him apparently because a statement petitioner made was taken out of context, because the charging officer was not present at the hearing, and because there was at least one witness who was present at the incident but didn't see anything. Petitioner's allegation that the evidence was insufficient to substantiate the finding of guilt is without merit. The disciplinary officer's decision will satisfy the due process requirement if there is "some evidence" in the record to support the decision. *Superintendent v. Hill,* 472 U.S. 445, 455 (1985). When the decision of prison officials is to

revoke good time credits, the "relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Spaulding v. Collins,* 867 F.Supp. 499, 510 (S.D. Tex 1993), *citing Superintendent v. Hill, id.*

In this case, there was an incident report completed by a charging officer. Although petitioner claims the charging officer *i.e.* accuser was not present at the hearing, her absence does not make the evidence insufficient for the hearing officer was entitled to rely upon the incident report. According to the facts as presented by petitioner, it appears he contends the charging officer lied in her report because she alleged his night light or cell light was on whereas petitioner contends his cell was pitch dark.[5] It was noted in the Step 1 grievance that petitioner was present at the hearing and presented his defense. It thus appears the hearing officer weighed this defense evidence against the charging officer's account and gave more credence to the latter. The charging officer's report constitutes "some evidence" in the record and is sufficient to support the administrative decision. Petitioner's claim should fail.

## IV.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner CURTIS MARVIN MCKINNEY is without merit and should be, in all things, DENIED.

---

[5] Petitioner was accused of the offense of masturbation and his defense apparently was that it would have been too dark for the charging officer to have seen anything in his cell.

V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of October 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).